The Honorable United States Court of Appeals to the First Circuit is now in session. All persons having any business before this honorable court may draw near, give their attendance, and they shall be heard. God save the United States of America and this honorable court. Please be seated. Court is in session. Judge? Good morning. Today is the first day in 38 years that the First Circuit is sitting without Judge Selya, who passed away last week, and whose portrait hangs to my left in this courtroom. He was a mentor, a colleague, and a friend to many of us, and a judge who loved the law in all its intricacy. And it is only fitting that he watches over us today. May his commitment to public service and the rule of law continue to serve as an inspiration for all of us here in the court he cared so much about. Thank you. Thank you, Judge Montecalvo. Today's cases will be called as previously announced, and times will be as allotted to counsel. The first case today is No. 23-1868 United States v. Christopher Beaucage. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin. Good morning. May it please the Court. Gene Borabiok on behalf of Mr. Beaucage. And I would like to reserve two minutes for rebuttal, please. You may. Thank you. Can the Court hear me okay? Yes. Okay. So my client's appeal presents one issue, which is substantive reasonableness of his sentence. And obviously the Court is familiar with the briefing. I wanted to touch on three things. One, just, I don't know, I won't call it a factual dispute. I guess counsel and I have a different interpretation whether what the sentence of the court imposed was consistent with the government's recommendation or not. You know, the range here is 168 to 210. The court imposed 180. I think it's, by my reading, it's 12 months above what the government recommended. What's the significance of that? Well, it's just, I think it's kind of a factor in the overall picture that the sentence here is above what the government saw was appropriate, and you know, on some level what the probation saw was appropriate, though that is a little less clear. Again, the court is not legally obligated to follow the government's or the probation's recommendation, but it's a factor you could consider that's deviating from that. The other two points I want to talk about is the biggest sort of issue I have with Judge Walker's analysis, and again, with full realization that the standard of review is deferential, that the way he treated the mitigating evidence here was, by my reading, as a competing factor against the criminal history and the seriousness of the crime. And what I think was missing from the analysis was a relationship between the nature of this crime, the seriousness of the prior history, and the history of drug abuse, sexual abuse by the parents, and the resulting mental health issues that my client has had. And I think the government's attorney encapsulated it best when he explained his position for the recommendation. He said, look, the crime is serious, the history is serious, but the reason we're saying low end is because a lot of that history and the crime is related to what this person suffered in the past. And, you know, I've read the record several times in preparation for this argument. I don't think the court quite treated it that way. I think it was more like, well, I understand you had a tough protocol. We're sorry that you've had this happen to you in the past, but it can't wipe away what you have done. And I think that's unreasonable given what I think is a causal relationship between what has happened in the past and towards the resulting crime, the resulting history. But isn't, the judge wouldn't even be mentioning that stuff and it wouldn't have any relevance unless it implicitly had some potential relationship as explaining the crime. So when the judge expressly discusses it, isn't he implicitly discussing it for that reason? Well, not as a competing factor, but as a possible mitigating explanatory factor, which kept him, perhaps, within the guideline range. Well, I, this is not how I read the record. I suppose reasonable minds can disagree about that. But when I read the record, I interpret it as Judge Walker basically looking at it as, well, yes, it happened. I acknowledge it, but... But you acknowledge there are significant aggravating factors, including running the drug operation from the prison after his arrest. So those seem like grounds where all things be equal and no terrible record. You could imagine an above guideline sentence. So, you know, there are serious aggravators, there are serious mitigators, and the judge comes out, you know, within the middle to end of the guideline range. How do we, why would we say that's an unreasonable outcome? Yes, it's a little higher than the government, not a lot higher. And he's just valuing things a little bit differently than the government is, and a lot more differently than the defense is. But still, there are, he can definitely point to major aggravating factors. Well, I think the major problem for me is how the judge interrelated the history versus, you know, the mitigating factors versus aggravating factors. Whether the result itself is absolutely indefensible. I know in the briefing we said that, you know, this is a clear error. And although I stand by that, I realize that that's my weaker argument given how much difference the sentencing courts get. So I'd rather, so I would focus the court more on the fact of how Judge Walker viewed the relationship between mitigating and aggravating. Were you bringing up a true sentencing disparity argument, or are you using that more as an example? It was more as an example, Your Honor. I couldn't make out a true sentencing disparity argument because Ms. Mitchell was sentenced after my client. So you couldn't make that argument in the district court. And my point was only, you know, it's the same conspiracy. Obviously, he is the ringleader, so to speak. He's got the serious history. He's going to get more time. That's not in dispute. I guess my question is how would a judge do what you're asking him to do? How does one articulate what you're suggesting Judge Walker did not do? Well, I think the judge should have realized that it's not only well we acknowledge this problem that you've had in the past, but I realize that some of the problems that you have now and that you have in your criminal history are attributable to what happened to you as a child and the resulting mental health issues that you have. And so obviously, there is no one specific reasonable sentence. It's a range, as this Court has repeatedly said. I think anywhere between some sort of below-the-guarantee variance in the low end of the guideline range would be definitely reasonable. So if the judge imposed 168 months, I don't think I'd be here with this argument. I think 180, even though it may seem like a 14-year sentence, you know, what's the big deal? But, you know, it's a year in prison. It's not small for my client. So I think that 12 months puts it outside the range of reasonableness. And I see I have about a minute and a half left. I'm happy to answer questions, or if not, I'll reserve whatever I have left for rebuttal. Okay. Thank you, Counsel. At this time, would Counsel for the Government please introduce himself on the record to begin? Good morning, may it please the Court. Brian Kleinbord on behalf of the United States. Your Honors, the District Court's within-guidelines sentence in this case was reasonable, and Mr. Bokesh has failed to demonstrate that the Court abused its discretion in imposing that sentence. My opposing counsel has talked a lot about the mitigating factors in this case. I'd like to emphasize the aggravating factors that the Court focused on, one being the sheer volume of the fentanyl distribution that Mr. Bokesh engaged in. It was over 1,000 grams of fentanyl. The Court also noted that the defendant was, quote, supernaturally dedicated to his drug trafficking enterprise because he continued to operate it while in jail with, as the Court said, the sword of Damocles hanging over his head. And finally, the Court focused on the defendant's robust criminal history, which included a prior distribution of heroin and also a conviction for distributing contraband while in prison, which the Court said demonstrated he was devoted in a singular fashion to his crimes. So I think the Court's sentence satisfied the hallmarks of a substantively reasonable sentence that this Court has said in many cases, which is a plausible sentencing rationale and a defensible result. This is not a record that's devoid of the judge's explanation. I mean, the Court expressly cited the aggravating factors, expressly cited the mitigating factors, and even expressly weighed those factors on the record before arriving at what it thought was a just sentence in this case. And so this Court has said time and time again that defendant is entitled only to have the district court consider the mitigating factors, and the weight afforded to those is largely within the Court's discretion. And so I think there's the sentence that Judge Walker imposed is reasonable based on this Court's standards. I assume the sentencing disparity argument is not being pressed at oral argument, but if there are other issues that the appellant has raised, I'm happy to answer questions. Otherwise, I can submit on the arguments in my brief. Thank you. Thank you. Thank you, Counsel. At this time, would Counsel for the appellant please reintroduce himself on the record to begin for his rebuttal. Thank you. Gene Vorobiev on behalf of Mr. Bokich. I have two points to add. On aggravators, a lot of them are subsumed in the guideline range. You know, the history, the drug weight, you know, any sentence within the range is technically defensible by those things. The only thing that plausibly takes it out of the minimum guideline range point is the fact that he was selling while in custody. That's obviously an aggravator. But on the other hand, you have pretty substantial mitigating evidence that wasn't disputed by anybody. So if the drugs, first of all, if there was no mitigation evidence and the judge imposed a sentence, obviously it would have been, you know, definitely defensible. On the other hand, if with this mitigation evidence, had he not sold drugs while in pretrial custody, you would be, any reasonable sentence would likely be below the sentencing guidelines range. So I think one adjusts for another. Yes, there is the fact that he's selling out of custody, which is obviously not good at all. But there is a lot of explanation for his behavior. So I think the range of reasonable sentences here probably ends at 168 months. And the other thing, as a more general point, I would add this. Obviously the court gives the district courts a lot of discretion how to weigh aggravating versus mitigating evidence. But there has to be at least some limit somewhere out there. I mean, it's not beyond review, right? So I think here given how strong the mitigation evidence was, how related it was to the aggravators, the family support, I think you probably end up with a result that's outside of the range of reasonable sentences. And that's all I have to say. I submit it. Thank you. Thank you, counsel. That concludes argument in this case.